THERESA A. KADING (SBN 211469)
Email: tkading@kadingbriggs.com
KYMBERLEIGH DAMRON-HSIAO (SBN 240508)
Email:  kdh@kadingbriggs.com
SARAH R. MOHAMMADI (SBN 295318)
Email: smohammadi@kadingbriggs.com
KADING BRIGGS LLP
100 Spectrum Center Drive, Suite 800
Irvine, California 92618
Telephone: (949) 450-8040
Facsimile: (949) 450-8033

Attorneys for Defendant
CBRE, INC.

UNITED STATES DISTRICT COURT FOR THE

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LETICIA SANCHEZ, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CBRE, INC., a Delaware corporation, and, DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO. _____<br><br>[Los Angeles County Superior Court Case No. 21STCV06520]<br><br>**CBRE, INC.'S NOTICE OF REMOVAL OF THE CIVIL ACTION TO THE UNITED STATES DISTRICT COURT UNDER 28 U.S.C.A. SECTIONS 1331 (FEDERAL QUESTION), 1332 AND 1441 (DIVERSITY)** |

474709

1

1    TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL

2  DISTRICT OF CALIFORNIA, PLAINTIFF AND HER COUNSEL OF RECORD:

3

4    PLEASE TAKE NOTICE THAT, based on the following allegations,

5  defendant CBRE, Inc. ("CBRE") hereby removes to this Court the state court action

6  described below pursuant to 28 U.S.C.A. Sections 1331, 1332 and 1441.

7

8    1.    On February 18, 2021, plaintiff Leticia Sanchez ("Plaintiff") filed her

9  Complaint in the Superior Court of the State of California in and for the County of

10  Los Angeles, entitled *Leticia Sanchez v. CBRE, Inc., et al.*, case number

11  21STCV06520 ("Complaint").  The Complaint asserts five causes of action

12  wherein Plaintiff alleges *inter alia* that CBRE retaliated against her and wrongfully

13  terminated her employment for taking leave under the Family and Medical Leave

14  Act ("FMLA").

15

16    2.    As its name suggests, Plaintiff's Fifth Cause of Action in her

17  Complaint entitled "Interference, Discrimination, Retaliation for Taking FMLA

18  Leave in Violation of 29 U.S.C.A. § 2615(a)" asserts an alleged direct violation of

19  the FMLA Section 2615(a).  Moreover, Plaintiff's Second Cause of Action for

20  "Retaliation in Violation of California Government Code § 12940 et seq. (FEHA)"

21  and Fourth Cause of Action for "Wrongful Termination in Violation of Public

22  Policy" are also rooted in the FMLA.  The Complaint and Civil Case Cover Sheet

23  are attached hereto as Exhibits "A" and "B," respectively.

24

25    3.    On February 19, 2021, Plaintiff served CBRE with the Summons and

26  Complaint.  The Summons served on February 19, 2021, and Proof of Service of

27  Summons confirming service on February 19, 2021, are attached hereto as Exhibits

28  "C" and "D," respectively.  *See* Cal. Civ. Proc. Code § 415.30.

This Notice of Removal is filed within 30 days from the date upon which service of the Complaint on CBRE became effective, which is within the time provided by law.  Cal. Civ. Proc. Code § 415.10; 28 U.S.C.A.§ 1446(b); Fed. R. Civ. P. 6(a).

4.      CBRE seeks to exercise its right under the provisions of 28 U.S.C.A. Sections 1331, 1332 and 1441 to remove this Action from the Los Angeles County Superior Court on the grounds of federal question and diversity.  CBRE removes this Action to the United States District Court, Central District of California, because Plaintiff originally filed the Action in Los Angeles County Superior Court.

5.      This is a civil action over which this Court has original jurisdiction under 28 U.S.C.A. Section 1331 because one of Plaintiff's claims arises under the FMLA (29 U.S.C.A.§ 2615(a)).  *See* Exh. A, Face Page of the Complaint and ¶¶ 19-20, 36-37, 51, 56-69.  Accordingly, CBRE may remove this Action pursuant to 28 U.S.C.A. Sections 1331 and 1441(a) and (c) because it arises under "laws of the United States."

6.      In addition to the federal question at issue that makes this civil action subject to removal, this is a civil action over which this Court has original jurisdiction under 28 U.S.C.A. Section 1332, and is one which may be removed to this Court by CBRE pursuant to the provisions of 28 U.S.C.A. Section 1441, in that it is an action in which the aggregate amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and Plaintiff and CBRE are citizens of different states.

## FEDERAL QUESTION (FAMILY AND MEDICAL LEAVE ACT)

7.      A civil action is removable to federal court if it might have been

474709

brought originally in federal court.  *See* 28 U.S.C.A. § 1441(a); *see also Exxon Mobil Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546, 563-64 (2005) (a "district court has original jurisdiction of a civil action for purposes of section 1441(a) as long as it has original jurisdiction over a subset of claims constituting the action").

8.     Plaintiff's Complaint may be removed on the basis of federal question jurisdiction because at least one of Plaintiff's claims arises under 29 U.S.C.A. Section 2601, *et seq.* (the FMLA).  *See* 28 U.S.C.A. §§ 1331 and 1441(a) and (c); *see also,* U.S.C.A §§ 2615(a)(1), 2612(c), 2616-2617; *see also* Exh. A, Face Page of the Complaint and ¶¶ 19-20, 36-37, 51, 56-69.

9.     Plaintiff has alleged violations of the FMLA in her Complaint.  *See* Exh. A, Face Page of the Complaint and ¶¶ 19-20, 36-37, 51, 56-69.  Specifically, Plaintiff explicitly asserts a Fifth Cause of Action for "Interference, Discrimination, Retaliation for Taking FMLA Leave in Violation of 29 U.S.C.A. § 2615(a)" wherein she explicitly alleges *inter alia* that (i) she was eligible for FMLA protections, (ii) CBRE was covered by the FMLA, (iii) she was entitled to leave under the FMLA, (iv) she took FMLA leave and (iv) CBRE terminated her employment as a result.  *Id.* at ¶¶ 58-64.

10.     Plaintiff further relies on violations of the FMLA as underlying elements of her Second Cause of Action for Retaliation in Violation of California Government Code § 12940 et seq. ("FEHA") and Fourth Cause of Action for Wrongful Termination in Violation of Public Policy.  *See* Exh. A, pp. 7-8, 11-12 (Plaintiff's Second Cause of Action for Retaliation under the FEHA alleges that Plaintiff "engaged in protected activity by requesting FMLA and/or CFRA leave" and Plaintiff's Fourth Cause of Action for Wrongful Termination in Violation of Public Policy referencing that same "engagement in protected activity" as a basis

1  for the claim).

2

3       11.    District courts—including those in the Ninth Circuit—have held that

4  removal to federal court is proper when a plaintiff's claim arises under the FMLA.

5  *See, e.g., Amante v. VWR Int'l, LLC*, No. C-13-03206 JSC, 2013 WL 5187075, at

6  *1 (N.D. Cal. Sep. 16, 2013) ("Because Plaintiff concedes that her Complaint

7  alleges a federal claim – violation of 29 C.F.R. Section 825.100, the [FMLA] –

8  removal was proper under 28 U.S.C.A. Section 1331. . ."); *see also Golez v.

9  Potter*, No. 09cv0965 AJB, 2012 WL 3134256, at *2 (S.D. Cal. July 31, 2012)

10  (finding that the court had jurisdiction over plaintiff's FMLA claim); *Derus v.

11  Calif. Home Med. Equip.*, No. 13–cv–01411 NC, 2014 WL 3853898, at *1 (N.D.

12  Cal. Aug. 5, 2014) ("The Court has subject matter jurisdiction under 28 U.S.C.A.

13  1331, as this action arises under the FMLA, 29 U.S.C.A.§ 2601, *et seq*."); *accord

14  Haywood v. Bedatsky*, No. CV-05-2179-PHX-DGC, 2007 WL 2692975, at *4 (D.

15  Ariz. Sep. 11, 2007) (holding that the court has federal question jurisdiction over

16  FMLA claims).

17

18       12.    Accordingly, because Plaintiff has invoked a federal statute that

19  requires interpretation of federal law, this Court has federal question jurisdiction

20  under 28 U.S.C.A. Section 1331, and removal is proper under 28 U.S.C.A. Section

21  1441(a) and (c).  *See also Sequeira v. Alameda Cnty.*, No. C 06-01413 MEJ, 2008

22  WL 5179108 at *4 (N.D. Cal. Dec. 10, 2008) (confirming that the district court had

23  jurisdiction over the action brought under federal law pursuant to Section 1331).

24

25       13.    This Court also has supplemental jurisdiction over the remaining state

26  law claims in Plaintiff's Complaint because they share a common nucleus of

27  operative facts with Plaintiff's federal claim.  28 U.S.C.A. § 1367(a) and § 1441(c);

28  *see also, e.g., Kennedy v. Cent. City Concern*, No. 3:15–cv–01378–SB, 2016 WL

1047890, at *1 (D. Oregon Feb. 18, 2016) ("The Court has original jurisdiction over Plaintiff's FMLA and ADA claims pursuant to 28 U.S.C.A. § 1331, and supplemental jurisdiction over his state law claims pursuant to 28 U.S.C.A. § 1367(a)").  Convenience, judicial economy, and fairness to the parties require that all of Plaintiff's claims be litigated together in a single forum.  *United Mine Workers v. Gibbs,* 383 U.S. 715, 726-27 (1966).  These supplemental claims are, therefore, removable under 28 U.S.C.A. Section 1441(c).

## DIVERSITY

14.    CBRE further removes this Action on the separate and independent basis of diversity pursuant to 28 U.S.C.A. Section 1332.

### *Plaintiff Is a Citizen of California.*

15.    For diversity purposes, citizenship of an individual is determined by the individual's domicile at the time that the lawsuit is filed.  *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986).  "A person's domicile is [his] permanent home, where [he] resides with the intention to remain or to which [he] intends to return."  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  As the Ninth Circuit observed in *Lew*, determining an individual's domicile "involves a number of factors," including current residence, place of employment, and other factors such as voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, driver's license and automobile registration, and payment of taxes.  *Lew*, 77 F.2d at 750 (emphasis added).  Furthermore, "a person's old domicile is not lost until a new one is acquired."  *Id.*

16.    In her Complaint, Plaintiff alleges that "[a]t all relevant times mentioned… [she] was… a resident of the State of California."  *See* Exh. A, ¶ 1. Plaintiff further alleges that she still is a resident of the State of California.  *Id.*  She also alleges that she began working for CBRE "on or about December 27, 2010" and that she continued to work for CBRE until "[o]n or around November 1, 2019." *Id.* at ¶¶ 10, 20.  Even after the termination of her employment, Plaintiff continues to reside in California.  *Id.* at ¶ 1.

17.    Plaintiff has been a long-time California resident, attending Whittier College to obtain her Bachelor of Arts and the University of California Los Angeles to obtain her paralegal certificate.  Thereafter, Plaintiff worked in the greater Los Angeles area for more than 20 years (including approximately 10 years with CBRE).  Plaintiff also owns property in Hacienda Heights, California and has a school-aged child and other family in California.  Plaintiff further has a California driver's license.

18.    Given these facts, Plaintiff has demonstrated an intent to remain in the State of California.  Accordingly, for diversity purposes, Plaintiff is a citizen of California.  *See, e.g., Mondragon v. Capital One Auto Finance*, 776 F.3d 880 (9th Cir. 2013) (holding that, in connection with removal to federal court, a person's continuing domicile in a state establishes citizenship "unless rebutted with sufficient evidence of change"); *Lew*, 797 F.2d at 751-52 (holding that California was the state of domicile for a party with a California residential address).

### **CBRE Is a Citizen of Delaware and Texas and Not California.**

19.    For the purpose of diversity, a corporation (*i.e.,* CBRE) shall be deemed to be a citizen of "(1) the state under whose laws it is organized or

incorporated; and (2) the state of its 'principal place of business.'" 28 U.S.C. § 1332(c)(1); *Davis v. HSBC Bank Nevada*, N.A., 557 F.3d 1026, 1028 (9th Cir. 2009). CBRE is incorporated under the laws of ***Delaware***. *See also* Exh. A, ¶ 2 (also alleging this fact).

20. To determine a corporation's principal place of business, federal courts must utilize the "nerve center" test. *Hertz Corp. v. Friend,* 130 S. Ct. 1181, 1183 (2010). Under the "nerve center" test, a corporation's principal place of business is "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Id.* Per the United States Supreme Court, a corporation's nerve center "should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control and coordination." *Id.*

21. CBRE is a global company, with offices and employees in at least 43 states. CBRE maintains its headquarters in the State of Texas. CBRE's C-Suite and Executive Team primarily is based in Texas, including the offices of the President and Chief Executive Officer, Chief Financial Officer, Chief Administrative Officer, Chief Responsibility Officer, Global Chief Operating Officer and Global Chief Executive Officer, Real Estate Investments. Additionally, CBRE's executive, information technology, corporate accounting and human resources functions are all centralized in Texas. Finally, with a majority of the C-Suite based in Texas, company-wide decisions are largely made in Texas. Thus, under the nerve center test, CBRE's principal place of business is ***Texas***. *Hertz,* 103 S. Ct. at 1183.

474709

22.     Accordingly, for the purposes of diversity, CBRE is a citizen of Delaware and Texas, and *not* California.  *Hertz,* 103 S. Ct. at 1183; 28 U.S.C. § 1332(c)(1).

### ***Amount in Controversy***

23.     Plaintiff's Complaint asserts five causes of action against CBRE all arising out of her employment with CBRE.  *See generally* Exh. A.  Plaintiff seeks damages well in excess of the $75,000 threshold.  Plaintiff seeks general and special damages.  *See id.* at p. 14.  Plaintiff also seeks punitive and exemplary damages against CBRE, along with attorneys' fees.  *Id.*

24.     An action may be removed if the defendant establishes that the aggregate amount in controversy exceeds $75,000.  *See Abrego v. Dow Chemical Co.*, 443 F. 3d 676, 683 (9th Cir. 2006); *Bank of Calif. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F. 2d 489, 491 (9th Cir.1972).  A notice of removal may satisfy this burden through plausible allegations, consistent with Fed. R. Civ. P. 8(a).  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 550, 554 (2014).  Evidentiary submissions are not required unless and until the defendant's allegations are contested by the plaintiff or questioned by the court.  *Id*. at 554; *Langston v. T-Mobile US, Inc.*, No. LACV1801972JAKASX, 2018 WL 2382464, at *4 (C.D. Cal. 2018) (applying the plausible allegations standard to a single-plaintiff diversity case).

25.     Plaintiff seeks to recover compensatory damages in the form of "loss in wages, salary, employment benefits and other compensation lost to Plaintiff… interest on this amount… and liquidated damages" along with "the intangible loss of employment related opportunities in Plaintiff's field and damage to Plaintiff's

professional reputation…".  *See* Exh. A, ¶¶ 29, 38, 46, 53, 65-66.  Plaintiff was a full-time non-exempt employee who, at the time of the termination of her employment, made $43.13 per hour.  Thus, Plaintiff had an annualized income of approximately $89,710 (40 hours per week x 52 weeks x $43.13 per hour).  Even Plaintiff's lost wages for the year 2020 alone far exceed the jurisdictional threshold.  Moreover, Plaintiff's lost wages alone exceed $108,000 through the date of CBRE filing this removal.

26.     This amount does not include purported lost benefits, future wages, punitive damages or damages for alleged emotional distress that Plaintiff seeks by way of her claims against CBRE, which will amount to, if not exceed $75,000. *See* Exh. A, ¶¶ 29-31, 38-39, 41, 46-47, 49, 53-55, 65-66, 69*; see also Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417-18 (9th Cir. 2018) (holding that it was appropriate to consider lost future wages in assessing whether the amount in controversy was satisfied on removal); *see also Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007) (stating employee benefits must be included in calculating the amount of lost income in controversy); *Gibson v. Chrysler Corp.,* 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action."); *see also Simmons v. PCR Tech.,* 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002) (stating "the potential for large punitive damage awards in employment discrimination cases" satisfies the $75,000 requirement); *Chambers v. Penske Truck Leasing Corp*., No. 1:11-CV-00381 LJO, 2011 WL 1459155, *4 (E.D. Cal. April 15, 2011) (finding that amount in controversy was satisfied because "punitive damages in employment matters may be substantial"); *Haase v. Aerodynamics Inc.*, No. 2:09-CV-01751-MCE-GG, 2009 WL 3368519, *4 (E.D. Cal. Oct. 19, 2009) (denying remand in FEHA action as "even a minimum award of punitive damages would satisfy the jurisdictional requirement").

27.    When establishing the requisite amount in controversy, "[t]o establish emotional distress and punitive damages, defendant may introduce evidence of jury verdicts in cases involving analogous facts." *Perez v. Baxter Healthcare Corp.*, No. 2:12-CV-08075-ODW, 2012 WL 5373468, at *2 (C.D. Cal. Oct. 31, 2012) (citing *Simmons*, 209 F. Supp. 2d at 1033.  Courts consider "cases involving analogous facts" as those where plaintiffs have pled the similar causes of action. *Kallen v. Tillamook Cty. Creamery Ass'n*, No. 2:14-CV-04997-ODW, 2014 WL 4384708, at *3 (C.D. Cal. Sept. 4, 2014) (stating that the jury verdicts cited by defendant to establish amount in controversy are analogous to the current case because they included awards based on similar FEHA violations that make up plaintiff's claims).  Similarly, jury verdicts in cases involving analogous facts can also be used to establish compensatory damages.  *Simmons,* 209 F. Supp. 2d at 1033-34 (finding it proper to consider evidence from various jury verdict reporters to establish the amount in controversy).  The following jury verdicts are illustrative:

28.    Although CBRE disputes Plaintiff's allegations, employment claims analogous to those asserted by Plaintiff have resulted in jury verdicts in excess of $75,000.00 (exclusive of attorneys' fees).  The following jury verdicts are illustrative of other cases where plaintiffs bringing similar claims under the FEHA were awarded in excess of $75,000 *just for noneconomic damages or punitive damages alone*:

    a.  *Baghumian v. Cty. of Los Angeles*, Superior Court of Los Angeles, Case No. BC645040 (May 11, 2018) (Maureen Duffy-Lewis, J.). The jury awarded $175,000 to plaintiff for noneconomic damages, among other damages, on his claims for disability discrimination,

retaliation, and failure to prevent discrimination or retaliation under FEHA.  *See* RJN ¶ 1, Exh. 1.

b. *Ismen v. Beverly Hosp.*, Superior Court of Los Angeles, Case No. BC366198 (Aug. 13, 2008) (Ernest M. Hiroshige, J.).  The jury awarded plaintiff $113,100 for emotional distress and $825,000 in punitive damages, among other damages, on her claims for disability discrimination, failure to accommodate and retaliation. *See* RJN ¶ 2, Exh. 2.

c. *Abarca v. Citizens of Humanity L.L.C.*, Superior Court of Los Angeles, Case. No. BC521900 (March 9, 2017) (Frederick C. Shaller, J.).  The jury awarded plaintiff $550,000 for punitive damages alone, among other damages, on her claims for disability discrimination, retaliation, failure to prevent discrimination or retaliation, and wrongful termination.  *See* RJN ¶ 3, Exh. 3.

d. *Storm v. Rite Aid Corp.*, Superior Court of Los Angeles, Case No. BC419584 (Nov. 14, 2013) (Michael L. Stern, J.).  The jury awarded in excess of $75,000 to plaintiff on his claim for wrongful termination in violation of public policy.  *See* RJN ¶ 4, Exh. 4.

e. *Herzig v. Regina L. Edmond, M.D., Inc.*, Superior Court of Los Angeles, Case No. BC579970 (March 28, 2017) (Marc Marmaro, J.)  The jury awarded in excess of $75,000 to plaintiff on her claims for disability discrimination, age discrimination, retaliation, and failure to accommodate.  *See* RJN ¶ 5, Exh. 5.

29.     Although not identical in every respect, the foregoing cases contain enough similarities (*i.e.*, discrimination, retaliation, failure to prevent and wrongful termination) to establish that the jurisdictional minimum has been met. *See Simmons,* 209 F. Supp. 2d at 1035 (stating that the "fact that the cited cases involve distinguishable facts is not dispositive" and that the cited cases "amply demonstrate the potential for large punitive [and emotional distress] damage awards").

30.     Plaintiff further seeks to recover attorneys' fees.  *See* Exh. A, p. 14. When attorneys' fees are recoverable by statute, they are also factored into the amount in controversy.  *See Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) (attorneys' fees are included in the amount in controversy "if recoverable by statute or contract").  Should Plaintiff prevail on her claim for discrimination or retaliation (or failure to prevent same) in violation of the FEHA, she will be entitled to recover attorneys' fees.  *See* Cal. Gov't Code § 12965(b). Similarly, should Plaintiff prevail on her claim for violation of the FMLA Section 2615, she similarly will be entitled to recover attorneys' fees.  *See* 29 U.S.C.A. § 2617(a)(3).  Potential fees to be awarded here can be *conservatively* estimated at $45,000.  *See Avila*, No. CV 18-01211 SJO (AS), 2018 WL 1870422, at *3 (stating that a conservative approach estimates $45,000 dollars in attorneys' fees since it would take Plaintiff's counsel approximately 100 hours to prepare for an employment litigation where Plaintiff's counsel there is the same person as counsel here and he testified that he bills at a rate of $450/ hour).

31.     Accordingly, for all of the reasons discussed above, the amount in controversy significantly exceeds $75,000.

## PROCESS, PLEADINGS AND ORDERS

32.     Attached hereto as Exhibit "A" is a copy of the Complaint, filed by Plaintiff with the Superior Court of the State of California in and for the County of Los Angeles ("Superior Court") on February 18, 2021.

33.     Attached hereto as Exhibit "B" is a copy of the Civil Case Coversheet filed by Plaintiff with the Superior Court on February 18, 2021.

34.     Attached hereto as Exhibit "C" is a copy of the Summons filed by Plaintiff with the Superior Court on February 18, 2021.

35.     Attached hereto as Exhibit "D" is a copy of the Proof of Service of Summons filed by Plaintiff with the Superior Court on February 23, 2021, confirming service on CBRE on February 19, 2021.

36.     Attached hereto as Exhibit "E" is a copy of the Notice of Case Assignment filed by the Clerk with the Superior Court on February 18, 2021, assigning the case to the Honorable Robert S. Draper.

37.     Attached hereto as Exhibit "F" is a copy of the Honorable Robert S. Draper's First Amended General Order, Voluntary Efficient Litigation Stipulations, and Alternative Dispute Resolution Information Package.

38.     Attached hereto as Exhibit "G" is a copy of the Notice of Case Management Conference filed by the Clerk with the Superior Court on March 11, 2021.

39.     CBRE is informed and believes that Exhibits "A" through "G" constitute all process, pleadings and/or orders served upon CBRE in this action.

40.     On this or no later than the next business day, notice of this removal is being given to both Plaintiff and to the Clerk of the Los Angeles County Superior Court.  True and correct copies of these notices are attached hereto as Exhibits "H" and "I," respectively.  The proof of service of the Notice to Adverse Party of Removal will be filed with this Court immediately after the Notice is served on Plaintiff and the Superior Court filing is accomplished.

WHEREFORE, pursuant to the provisions of Title 28, Sections 1331, 1332, 1367(a), and 1441(a) and (c) of the United States Code, CBRE removes the above action from the Superior Court of the State of California for the County of Los Angeles to this Court – the United States District Court for the Central District of California.

DATED: March 18, 2021            KADING BRIGGS LLP
                                 THERESA A. KADING
                                 KYMBERLEIGH DAMRON-HSAIO
                                 SARAH R. MOHAMMADI

                                 By:  /s/ *Sarah R. Mohammadi*

                                        SARAH R. MOHAMMADI

                                 Attorneys for Defendant
                                 CBRE, INC.

474709

EXHIBIT "A"

EXHIBIT "A"

21STCV06520

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Robert Draper

Electronically FILED by Superior Court of California, County of Los Angeles on 02/18/2021 01:41 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Barel,Deputy Clerk

1

**JML LAW**
A PROFESSIONAL LAW CORPORATION
5855 TOPANGA CANYON BLVD., SUITE 300
WOODLAND HILLS, CALIFORNIA 91367
TEL: (818) 610-8800
FAX: (818) 610-3030

2

3

4   JOSEPH M. LOVRETOVICH, STATE BAR NO. 73403
JARED W. BEILKE, STATE BAR NO. 195698

5   ADAM J. SHERMAN, STATE BAR NO. 316351

6   Attorneys for Plaintiff
LETICIA SANCHEZ

7

8

9   **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10   **FOR THE COUNTY OF LOS ANGELES**

11

12   LETICIA SANCHEZ, an individual,          Case No.: 21STCV06520

13          Plaintiff

14                                            COMPLAINT FOR:
       vs.                                    1.  DISCRIMINATION IN VIOLATION OF
15                                            GOVERNMENT CODE § 12940 ET SEQ.
     CBRE, INC., a Delaware                   (FEHA);
16   corporation; and, DOES 1 through         2.  RETALIATION IN VIOLATION OF
     50, inclusive,                           CALIFORNIA GOVERNMENT CODE §12940
17                                            ET SEQ. (FEHA)
                                              3.  FAILURE TO PREVENT IN VIOLATION
18          Defendants                        OF GOVERNMENT CODE § 12940 ET SEQ.
                                              (FEHA)
19                                            4.  WRONGFUL TERMINATION IN
                                              VIOLATION OF PUBLIC POLICY
20                                            5.  INTERFERENCE, DISCRIMINATION,
                                              RETALIATION FOR TAKING FMLA LEAVE
21                                            IN VIOLATION OF 29 U.S.C. § 2615(a)
22

23

24

25          Plaintiff, LETICIA SANCHEZ, hereby brings her complaint against the above-named

26   Defendants and states and alleges as follows:

27   ///

28   ///

*(left margin, vertical)* JML LAW   A Professional Law Corporation   5855 Topanga Canyon Blvd., Suite 300   Woodland Hills, CA 91367   (818) 610-8800

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800

**PARTIES**

1.     At all relevant times mentioned, real party in interest, Plaintiff LETICIA SANCHEZ, was and is a resident of the State of California. At all relevant times, Plaintiff was a "person" within the meaning of California Government Code sections 12925, 12940, and any other applicable statutes. Plaintiff was also an "employee" within the meaning of California Government Code sections 12926, 12940, and any other applicable statutes.

2.     At all relevant times, Defendant CBRE, INC. ("CBRE") was and is a Delaware corporation, operating in and under the laws of the State of California and conducting its business in Malibu, California. Plaintiff is informed, believes, and therefore alleges that CBRE is headquartered at 2100 McKinney Avenue, Suite 1250, Dallas, Texas, 75201. CBRE was operating a business located at 400 S. Hope Street, 25th Floor, Los Angeles, California, 9007 ("Location"), where real parties in interest and aggrieved persons worked. At all relevant times, CBRE was and is an "employer" within the meaning of California Government Code sections 12926, 12940, 12951, and all other applicable statutes, and a "person" subject to Civil Code section 51.9.

3.     The true names and capacities, whether individual, corporate, associate or otherwise of DOES 1 through 50 are unknown to Plaintiff who therefore sues these defendants under such fictitious names. Plaintiff is informed, believes, and therefore alleges that each of the defendants named as a Doe defendant is legally responsible in some manner for the events referred to in this Complaint, is either negligently, willfully, wantonly, recklessly, tortiously, strictly liable, statutorily liable, or otherwise, for the injuries and damages described below to Plaintiff. Plaintiff will seek leave of this Court to show the true names and capacities of these Doe defendants when they have been ascertained.

4.     Plaintiff is informed, believes, and therefore alleges that each defendant acted in all respects pertinent to this action as the agent of the other defendants, carried out a joint scheme, business plan or policy in all pertinent respects, and the acts of each defendant are legally attributable to the other defendants.

5.     Unless otherwise specified, any reference to a Defendant or Defendants shall

1  refer to all Defendants, and each of them.

2  **JURISDICTION AND VENUE**

3      6.    The Court has jurisdiction in this matter pursuant to Code of Civil Procedure

4  section 410.10 because the incident and/or damages occurred within the City of Los Angeles,

5  County of Los Angeles, State of California.

6      7.    Venue is proper in this Court pursuant to the provisions of Code of Civil

7  Procedure sections 395 through 395.5, in that the incident occurred and Defendants' obligations

8  and liability arose in the City of Los Angeles, County of Los Angeles, State of California.

9      8.    The amount of damages sought by this Complaint exceeds the minimum

10  jurisdictional limits of this Court.

11  **ALLEGATIONS**

12      9.    Plaintiff repeats, re-alleges, and incorporates by reference all the allegations

13  contained in all preceding paragraphs as though fully set forth here.

14      10.    Plaintiff began working for Defendants on or about December 27, 2010, as a

15  paralegal.

16      11.    Plaintiff's father was approximately 75 years old in 2015. Aside from being

17  elderly, he had many health problems and Plaintiff often cared for him. In or around the summer

18  of 2015, Plaintiff's father had surgery on his lower back. The same week he had another surgery

19  on his neck. Plaintiff's father also had an irregular heartbeat, diabetes, high cholesterol, high

20  blood pressure, and low thyroid. After the surgery, and as a result of the toll his surgery took on

21  his body, his health started to decline. In October 2015, he had his first stroke.

22      12.    The neck and back problems affected, at a minimum, Plaintiff's father's

23  musculoskeletal system. His irregular heartbeat and high blood pressure affected, at a minimum,

24  his cardiovascular system. The diabetes and thyroid affected, at a minimum, his digestive and

25  endocrine systems. All of these medical conditions and/or physical disabilities limited his

26  ability to participate in major life activities including, work, physical, mental, and social

27  activities.

28      13.    At this time, in or around 2015, Plaintiff's supervisor was Elizabeth Atlee, one of

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800

3

COMPLAINT

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800

1   the attorneys. Plaintiff regularly told Ms. Atlee about her father's health conditions, medical

2   conditions, and physical disabilities.

3       14.    Although Plaintiff was always able to keep up with her work, she did often take

4   paid time off ("PTO") to care for her father. Because Plaintiff had not taken any vacation in

5   years, she had accrued significant PTO. There was a culture that it Defendants and their

6   employees looked down upon employees who take time off work. Plaintiff often felt as though

7   Defendants did not want her taking time off work to care for her father.

8       15.    Multiple times in 2017, Ms. Atlee often made inappropriate, non-job related

9   comments to Plaintiff about Plaintiff having a sick father.

10      16.    In 2018, Defendants forced Plaintiff to transfer to a different position.

11  Defendants' titled the position "COE of Technology." This job entailed learning a data entry

12  system about injuries and preventing injuries and then train others on using the system. She also

13  had to serve as a customer service for the data entry system. Plaintiff did not want to transfer to

14  this position but believed that she did not actually have a choice.

15      17.    In or around December 2018, Lacy Willard became Plaintiff's supervisor. Lacy

16  Willard's job title was Senior Director COE Global Health Safety and Wellbeing. Plaintiff

17  regularly told Ms. Willard about her father's health conditions, medical conditions, and physical

18  disabilities.

19      18.    On or around July 9, 2019, Plaintiff's father had a major stroke. The stroke

20  affected, at a minimum, his musculoskeletal system, and limited his ability to participate in

21  major life activities including, work, physical, mental, and social activities.

22      19.    On or around July 19, 2019, Plaintiff applied for Family and Medical Leave Act

23  ("FMLA") leave. Plaintiff was, at all relevant times, eligible for FMLA protections, an

24  employee entitled to leave under the FMLA, and actually qualified for FMLA leave. She was

25  eventually granted FMLA leave. Plaintiff provided sufficient notice of Plaintiff's intent to take

26  leave. At all relevant times, Plaintiff used FMLA leave for the intended purpose of the FMLA.

27  Plaintiff used the FMLA leave to care for her father.

28      20.    However, after granting Plaintiff FMLA leave, Defendants interfered with

1   Plaintiff's rights to FMLA leave by terminating Plaintiff. On or around November 1, 2019, Lacy

2   Willard and a human resource ("HR") representative told Plaintiff she was being laid off.

3   Plaintiff is informed, believes, and therefore alleges that a substantial motivating factor for her

4   termination was her association with her father, a disabled person, her opposition/resistance to

5   discrimination, her request for FMLA leave, her need for FMLA leave, and for actually taking

6   FMLA leave.

7                   **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

8          21.     Plaintiff timely filed a complaint with the State of California, Department of Fair

9   Employment and Housing ("DFEH"), on or about February 19, 2020. The DFEH issued

10  Plaintiff a right to sue letter on or about the same day. Plaintiff has filed this Complaint timely,

11  pursuant to the right to sue letter.

12                          **FIRST CAUSE OF ACTION**

13                                **Discrimination**

14              **In Violation of Government Code § 12940, et seq., FEHA**

15                              **(Against All Defendants)**

16         22.     Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully

17  set forth here.

18         23.     At all times herein mentioned, Government Code section 12940 et seq., the Fair

19  Employment and Housing Act ("FEHA"), was in full force and effect and was binding on

20  Defendant, as Defendant regularly employed five (5) or more persons.

21         24.     California Government Code section 12940 et seq., the Fair Employment and

22  Housing Act ("FEHA"), was in full force and effect and was binding on Defendant, as

23  Defendant regularly employed at least five people.

24         25.     The FEHA requires Defendant to refrain from discriminating against any

25  employee on the basis of disability and/or medical condition. Cal. Gov't Code § 12940. The

26  FEHA includes protection from discrimination for actual or perceived impairment that is

27  disabling, potentially disabling, or perceived to be disabling. Likewise, the FEHA also prohibits

28  discrimination based on a person's association with a person who has or is perceived to have

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800

1  one of the protected characteristics, including physical disability and/or a qualifying medical

2  condition.

3        26.     Plaintiff's father had a qualifying disability under the FEHA. Plaintiff's father's

4  physical disabilities affected, at least, his musculoskeletal system, cardiovascular system, and

5  endocrine system and limited his ability to participate in a major life activities including work

6  and physical, mental, and social activities. Therefore, Plaintiff's father was a qualified

7  individual with a physical disability.

8        27.     Defendant engaged in unlawful employment practices in violation of the FEHA

9  by discriminating against Plaintiff on the basis of Plaintiff's association with her father, an

10  individual with a qualifying physical disability and/or medical condition. Defendants engaged in

11  unlawful employment practices in violation of the FEHA by demoting, forcing to transfer,

12  refusing to promote, and ultimately terminating Plaintiff on the basis of Plaintiff's association

13  with an individual who had an actual and/or perceived disability.

14        28.     Plaintiff is informed, believes, and therefore alleges that Plaintiff's association

15  with her father, a disabled individual was a substantial motivating factor in Defendants'

16  decision to terminate Plaintiff's employment, and other discrimination against Plaintiff, in

17  violation of the FEHA.

18        29.     As a direct and/or proximate result of Defendant's acts, Plaintiff has suffered

19  actual, consequential, and incidental financial losses, including without limitation, loss of salary

20  and benefits, and the intangible loss of employment related opportunities in her field and

21  damage to her professional reputation, all in an amount subject to proof at the time of trial.

22  Plaintiff claims such amounts as damages pursuant to Civil Code sections 3287 and/or 3288,

23  and/or any other provision of law providing for prejudgment interest.

24        30.     As a direct and/or proximate result of Defendant's wrongful acts, Plaintiff has

25  suffered and continues to suffer emotional distress, humiliation, mental anguish, and

26  embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed,

27  believes, and therefore alleges that Plaintiff will continue to experience physical and emotional

28  suffering for a period in the future not presently ascertainable, in an amount subject to proof at

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800

1 | the time of trial.

2 | 31. Plaintiff is informed, believes, and therefore alleges that Defendant had in place

3 | policies and procedures that specifically required Defendant's managers, officers, and agents to

4 | prevent discrimination against and upon Defendant's employees. Plaintiff relied on the fact that

5 | Defendant would follow these known policies, yet Defendant consciously chose not to follow

6 | said policies. Therefore, Defendant's conduct was fraudulent, malicious, oppressive, and was

7 | done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each

8 | Defendant to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified,

9 | and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should therefore be

10 | awarded exemplary and punitive damages against each Defendant in an amount to be

11 | established that is appropriate to punish each Defendant and deter others from engaging in such

12 | conduct.

13 | 32. As a direct and/or proximate result of the wrongful acts of Defendants, Plaintiff

14 | has been forced to hire attorneys to prosecute Plaintiff's claims and has incurred, and is

15 | expected to continue to incur, attorneys' fees and costs in connection therewith. Plaintiff is

16 | entitled to recover attorneys' fees and costs under California Government Code section 12965,

17 | subdivision (b).

### SECOND CAUSE OF ACTION

**Retaliation**

**In Violation of Government Code § 12940, et seq., FEHA**

**(Against All Defendants)**

22 | 33. Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully

23 | set forth here.

24 | 34. At all relevant times mentioned, Government Code sections 12940 et seq. were

25 | in full force and effect and were binding on Defendant, as Defendant regularly employed five

26 | (5) or more persons. Government Code section 12940(h) makes it unlawful for any person to

27 | retaliate against an employee who has opposed a discriminatory practice.

28 | 35. Plaintiff opposed Defendant's discrimination of Plaintiff, of her association with

1   her father, a disabled person, and of her father, an individual with a qualifying physical

2   disability.

3        36.    Plaintiff engaged in a protected activity by requesting FMLA and/or CFRA leave

4   to care for Plaintiff's father.

5        37.    Plaintiff suffered an adverse employment action, including but not limited to, a

6   forced transfer, failure to promote Plaintiff, and termination. A substantial motivating factor in

7   Defendant's negative/adverse employment actions imposed on Plaintiff was Plaintiffs

8   opposition to discrimination and/or request for FMLA and/or CFRA leave. Therefore,

9   Defendants' conduct constituted unlawful retaliation on account of Plaintiff's association with

10  an individual with a physical disability, request for FMLA and/or CFRA leave, and opposition

11  to discrimination in violation of Government Code section 12940(h) and 12940(l).

12       38.    As a direct and/or proximate result of Defendant's acts, Plaintiff has suffered

13  actual, consequential, and incidental financial losses, including without limitation, loss of salary

14  and benefits, and the intangible loss of employment related opportunities in Plaintiff's field and

15  damage to Plaintiff's professional reputation, all in an amount subject to proof at the time of

16  trial. Plaintiff claims such amounts as damages pursuant to Civil Code section 3287 and/or

17  3288, and/or any other provision of law providing for prejudgment interest.

18       39.    As a direct and/or proximate result of Defendant's wrongful acts, Plaintiff has

19  suffered and continues to suffer emotional distress, humiliation, mental anguish and

20  embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed,

21  believes, and therefore alleges that Plaintiff will continue to experience physical and emotional

22  suffering for a period in the future not presently ascertainable, all in an amount subject to proof

23  at the time of trial.

24       40.    As a direct and/or proximate result of Defendant's wrongful acts, Plaintiff has

25  been forced to hire attorneys to prosecute Plaintiff's claims and has incurred, and is expected to

26  continue to incur, attorneys' fees and costs in connection therewith. Plaintiff is entitled to

27  recover attorneys' fees and costs under Government Code section 12965(b).

28       41.    Plaintiff is informed, believes, and therefore alleges that Defendant had in place

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800

1   policies and procedures that specifically required Defendant's managers, officers, and agents to

2   prevent discrimination against and upon Defendant's employees. Plaintiff relied on the fact that

3   Defendant would follow these known policies, yet Defendant consciously chose not to follow

4   said policies. Therefore, Defendant's conduct was fraudulent, malicious, oppressive, and was

5   done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each

6   Defendant to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified,

7   and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore,

8   be awarded exemplary and punitive damages against each Defendant in an amount to be

9   established that is appropriate to punish each Defendant and deter others from engaging in such

10  conduct.

### THIRD CAUSE OF ACTION

#### Failure to Prevent Discrimination

#### In Violation of Government Code § 12940, et seq., FEHA

#### (Against All Defendants)

15      42.     Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully

16  set forth here.

17      43.     At all times mentioned herein, Government Code section 12940 et seq. including

18  but not limited to sections 12940(j) and 12940(k), was in full force and effect and was binding

19  upon Defendants, and each of them. These sections impose a duty on an employer to take

20  immediate and appropriate corrective action to end discrimination and harassment and take all

21  reasonable steps necessary to prevent discrimination and harassment from occurring, among

22  other things.

23      44.     Defendant failed to take immediate and appropriate corrective action to end the

24  discrimination and harassment. Defendant also failed to take all reasonable steps necessary to

25  prevent the harassment and discrimination from occurring.

26      45.     In failing and/or refusing to take immediate and appropriate corrective action to

27  end the discrimination and harassment, and in failing and/or refusing to take and or all

28  reasonable steps necessary to prevent harassment and discrimination from occurring,

1  Defendants violated Government Code section 12940(j) and 12940(k), causing Plaintiff to

2  suffer damages.

3       46.    As a direct and/or proximate result of Defendant's acts, Plaintiff has suffered

4  actual, consequential, and incidental financial losses, including without limitation, loss of salary

5  and benefits, and the intangible loss of employment related opportunities in Plaintiff's field and

6  damage to Plaintiff's professional reputation, all in an amount subject to proof at the time of

7  trial. Plaintiff claims such amounts as damages pursuant to Civil Code section 3287 and/or

8  section 3288, and/or any other provision of law providing for prejudgment interest.

9       47.    As a direct and/or proximate result of Defendant's wrongful acts, Plaintiff has

10 suffered and continues to suffer emotional distress, humiliation, mental anguish, and

11 embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed,

12 believes, and therefore alleges that Plaintiff will continue to experience physical and emotional

13 suffering for a period in the future not presently ascertainable, all in an amount subject to proof

14 at the time of trial.

15      48.    As a direct and/or proximate result of Defendant's wrongful acts, Plaintiff has

16 been forced to hire attorneys to prosecute Plaintiff's claims and has incurred, and is expected to

17 continue to incur, attorneys' fees and costs in connection therewith. Plaintiff is entitled to

18 recover attorneys' fees and costs under Government Code section 12965(b).

19      49.    Plaintiff is informed, believes, and therefore alleges that Defendant had in place

20 policies and procedures that specifically required Defendant's managers, officers, and agents to

21 prevent discrimination against and upon employees of Defendant. Plaintiff relied on the fact that

22 Defendant would follow these known policies, yet Defendant consciously chose not to follow

23 said policies. Therefore, Defendant's conduct was fraudulent, malicious, oppressive, and was

24 done in wanton disregard for the rights of Plaintiff and the rights and duties each Defendant

25 owed to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or

26 conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be

27 awarded exemplary and punitive damages against each Defendant in an amount to be

28 established that is appropriate to punish each Defendant and deter others from engaging in such

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800

1    conduct.

2    ## FOURTH CAUSE OF ACTION

3    **Wrongful Termination**

4    **In Violation of Public Policy**

5    **(Against All Defendants)**

6    50.    Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully

7    set forth here.

8    51.    At all times mentioned, the public policy of the State of California, as codified,

9    expressed and mandated in California Government Code section 12940 et seq., is to prohibit

10   employers from discriminating, harassing, and retaliating against any individual on the basis of

11   association with an individual with a disability and/or engagement in a protected activity. This

12   public policy of the State of California is designed to protect all employees and to promote the

13   welfare and wellbeing of the community at large.

14   52.    Accordingly, Defendants' actions were wrongful and in contravention of the

15   express public policy of the State of California, specifically, the policy set forth in California

16   and the laws and regulations promulgated thereunder.

17   53.    As a direct and/or proximate result of Defendant's acts, Plaintiff has suffered

18   actual, consequential, and incidental financial losses, including without limitation, loss of salary

19   and benefits, and the intangible loss of employment related opportunities in Plaintiff's field and

20   damage to Plaintiff's professional reputation, all in an amount subject to proof at the time of

21   trial. Plaintiff claims such amounts as damages pursuant to California Civil Code sections 3287

22   and/or 3288, and/or any other provision of law providing for prejudgment interest.

23   54.    As a direct and/or proximate result of Defendant's wrongful acts, Plaintiff has

24   suffered and continues to suffer emotional distress, humiliation, mental anguish, and

25   embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed,

26   believes, and therefore alleges that Plaintiff will continue to experience physical and emotional

27   suffering for a period in the future not presently ascertainable, all in an amount subject to proof

28   at the time of trial.

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800

55.     Plaintiff is informed, believes, and therefore alleges that Defendant had in place policies and procedures that specifically required Defendant's managers, officers, and agents to prevent the termination of its employees based on the protected classes identified in the FEHA. Plaintiff relied on the fact that Defendant would follow these known policies, yet Defendant consciously chose not to follow said policies. Therefore, Defendant's conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties each Defendant owed to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should therefore be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

## FIFTH CAUSE OF ACTION

**Interference, Discrimination, Retaliation For Taking FMLA Leave**

**In Violation Of 29 U.S.C. § 2615(a)**

**(Against All Defendants)**

56.     Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully set forth here.

57.     At all relevant times mentioned, 29 U.S.C. § 2601, *et seq.*, the Family and Medical Leave Act ("FMLA"), was in full force and effect and was binding on Defendants. In part, this statute prohibits an employer from interfering with or retaliating against any employee who exercises his/her rights under the law by taking a leave from work to care for a parent with a serious health condition. 29 U.S.C. §§ 2612(c), 2616. Employers must grant unpaid leave for up to twelve weeks to anyone who has been employed for at least twelve months. On return from leave, the employee must be reinstated to the same or an equivalent job.

58.     Plaintiff was, at all relevant times, eligible for FMLA protections.

59.     At all relevant times, Plaintiff's employer was covered by the FMLA.

60.     Plaintiff was, at all relevant times, entitled to leave under the FMLA.

61.     Plaintiff provided sufficient notice of Plaintiff's intent to take leave.

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800

1    62.    At all relevant times, Plaintiff was actually qualified for FMLA leave.

2    63.    At all relevant times, Plaintiff used FMLA leave for the intended purpose of the

3    FMLA. Plaintiff used the FMLA leave to care for her father who suffered a major stroke.

4    However, after granting Plaintiff FMLA leave, Defendants interfered with Plaintiff's rights to

5    FMLA leave by terminating Plaintiff.

6    64.    A substantial motivating factor in Defendants' decision to terminate Plaintiff's

7    employment was that Plaintiff requested, applied for, and/or used FMLA leave.

8    65.    Pursuant to 29 U.S.C. § 2617, Plaintiff is entitled to damages equal to the loss in

9    wages, salary, employment benefits and other compensation lost to Plaintiff by reason of

10    Defendants' violation, interest on this amount calculated at the prevailing rate, and liquidated

11    damages. Plaintiff is also entitled to such equitable relief as may be appropriate, including

12    employment, reinstatement, and promotion.

13    66.    As a direct and/or proximate result of Defendant's acts, Plaintiff has suffered

14    actual, consequential, and incidental financial losses, including without limitation, loss of salary

15    and benefits, and the intangible loss of employment related opportunities in Plaintiff's field and

16    damage to Plaintiff's professional reputation, all in an amount subject to proof at the time of

17    trial.

18    67.    As a direct and/or proximate result of Defendant's wrongful acts, Plaintiff has

19    suffered and continues to suffer emotional distress, humiliation, mental anguish, and

20    embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed,

21    believes, and therefore alleges that Plaintiff will continue to experience physical and emotional

22    suffering for a period in the future not presently ascertainable, all in an amount subject to proof

23    at the time of trial.

24    68.    As a direct and/or proximate result of Defendant's wrongful acts, Plaintiff has

25    been forced to hire attorneys to prosecute Plaintiff's claims and has incurred, and is expected to

26    continue to incur, attorneys' fees and costs in connection therewith. Plaintiff is entitled to

27    recover attorneys' fees and costs under 19 U.S.C. § 2617.

28    69.    Plaintiff is informed, believes, and therefore alleges that Defendant had in place

policies and procedures that specifically required Defendant's managers, officers, and agents to prevent interference, discrimination, and retaliation against and upon employees of Defendant who used and/or requested FMLA leave. Plaintiff relied on the fact that Defendant would follow these known policies, yet Defendant consciously chose not to follow said policies. Therefore, Defendant's conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties each Defendant owed to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

**WHEREFORE, Plaintiff prays for judgment as follows:**

1.      For general damages, according to proof;

2.      For special damages, according to proof;

3.      For attorneys' fees, according to proof;

4.      For prejudgment interest, according to proof;

5.      For punitive and exemplary damages, according to proof;

6.      For costs of suit incurred herein; and

7.      For such other relief and the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

DATED: February 18, 2021        JML LAW, A Professional Law Corporation

By: _____

JOSEPH M. LOVRETOVICH
JARED W. BEILKE
ADAM J. SHERMAN
Attorneys for Plaintiff

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800

14
COMPLAINT

EXHIBIT "B"

# EXHIBIT "B"

Electronically FILED by Superior Court of California, County of Los Angeles on 02/18/2021 01:41 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Barel,Deputy Clerk
21STCV06520

**CM-010**

| | | FOR COURT USE ONLY |
|---|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* Joseph M. Lovretovich, State Bar No. 73403; Jared W. Beilke, State Bar No. 195698; Adam J. Sherman, State Bar No. 316351; JML LAW, APLC 5855 Topanga Canyon Blvd., Ste. 300 Woodland Hills, CA 91367 TELEPHONE NO.: (818) 610-8800   FAX NO.: (818) 610-3030 ATTORNEY FOR *(Name):* Plaintiff, Leticia Sanchez | | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Central

CASE NAME:
SANCHEZ VS. CBRE, INC.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: 21STCV06520 |
|---|---|---|---|---|
| ✓ **Unlimited** (Amount demanded exceeds $25,000) | ☐ **Limited** (Amount demanded is $25,000 or less) | ☐ **Counter** ☐ **Joinder** Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
✓ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ✓ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.✓ monetary   b.☐ nonmonetary; declaratory or injunctive relief   c. ✓ punitive
4. Number of causes of action *(specify):* 5
5. This case ☐ is ✓ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: February 18, 2021
Adam J. Sherman
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]
**CIVIL CASE COVER SHEET**
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)—Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

| SHORT TITLE: Sanchez vs. CBRE, Inc. | CASE NUMBER |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11<br>1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11<br>1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11<br>1, 4, 11<br>1, 4, 11<br>1, 4, 11 |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

| SHORT TITLE: Sanchez vs. CBRE, Inc. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☑ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation         Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4

| SHORT TITLE: Sanchez vs. CBRE, Inc. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

| SHORT TITLE: Sanchez vs. CBRE, Inc. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address**: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected.  Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br><br>☐ 1. ☑ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7.  ☐ 8. ☐  9. ☐ 10. ☐ 11. | ADDRESS: 400 South Hope St., Ste 25 |
|---|---|
| CITY: Los Angeles | STATE: CA | ZIP CODE: 90071 | |

**Step 5: Certification of Assignment**: I certify that this case is properly filed in the Central District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: February 18, 2021

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

EXHIBIT "C"

# EXHIBIT "C"

Electronically FILED by Superior Court of California, County of Los Angeles on 02/18/2021 01:41 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Barel,Deputy Clerk
21STCV06520

**SUM-100**

## SUMMONS
### *(CITACION JUDICIAL)*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CBRE, INC., a Delaware corporation; and, DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

LETICIA SANCHEZ, an individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of California
County of Los Angeles
111 North Hill Street, Los Angeles, CA 90012

**CASE NUMBER:**
*(Número del Caso):*
21STCV06520

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Adam J. Sherman, Esq.; JML Law APLC, 5855 Topanga Canyon Blvd., Ste. 300, Woodland Hills, CA 91367
818-610-8800

DATE: 02/18/2021                 Sherri R. Carter Executive Officer / Clerk of Court
*(Fecha)*                          Clerk, by   M. Barel              , Deputy
                                   *(Secretario)*                      *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [X] on behalf of *(specify):* CBRE, INC., a Delaware corporation

under: [X] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
       [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
       [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
       [ ] other *(specify):*
4. [X] by personal delivery on *(date):* 2/19/21

**Page 1 of 1**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100  [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

 **CT Corporation**

**Service of Process Transmittal**
02/19/2021
CT Log Number 539080538

**TO:** Mao Robles
CBRE, Inc.
400 S HOPE ST STE 25
LOS ANGELES, CA 90071-2800

**RE:** **Process Served in California**

**FOR:** CBRE, Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Leticia Sanchez, etc., Pltf. vs. CBRE, Inc., etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Cover Sheet, Instructions, Addendum and Statement, First Amended General Order, Stipulation(s), Information(s), Notice |
| **COURT/AGENCY:** | Los Angeles County - Superior Court - Hill Street, CA<br>Case # 21STCV06520 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination - 11/01/2019 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 02/19/2021 at 01:49 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Adam J. Sherman<br>JML Law APLC<br>5855 Topanga Canyon Blvd., Ste. 300<br>Woodland Hills, CA 91367<br>818-610-8800 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 02/22/2021, Expected Purge Date: 02/27/2021<br><br>Image SOP<br><br>Email Notification,  Mao Robles  mao.robles@cbre.com<br><br>Email Notification,  Chad Doellinger  chad.doellinger@cbre.com<br><br>Email Notification,  Erinna Lao-Danelian  erinna.lao-danelian@cbre.com<br><br>Email Notification,  Lance Arnott  sopverification@wolterskluwer.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>818 West 7th Street<br>Los Angeles, CA 90017<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

Page 1 of  2 / KA

 CT Corporation

**Service of Process Transmittal**
02/19/2021
CT Log Number 539080538

**TO:**   Mao Robles
CBRE, Inc.
400 S HOPE ST STE 25
LOS ANGELES, CA 90071-2800

**RE:**   **Process Served in California**

**FOR:**   CBRE, Inc.  (Domestic State: DE)

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



Wolters Kluwer

# PROCESS SERVER DELIVERY DETAILS

**Date:**                         Fri, Feb 19, 2021

**Server Name:**           Jimmy Lizama

| Entity Served | CBRE, INC. |
|---|---|
| Agent Name | C T CORPORATION SYSTEM |
| Case Number | 21STCV06520 |
| Jurisdiction | CA |



EXHIBIT "D"

# EXHIBIT "D"

**POS-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Jared Beilke, 195698<br>JML Law, A Professional Law Corporation<br>5855 Topanga Canyon Blvd., Ste. 300<br>Woodland Hills, CA 91367<br>TELEPHONE NO.: (818) 610-8800 Ext 227<br>ATTORNEY FOR *(Name):* Plaintiff | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF |
|---|
| Superior Court of California, Los Angeles County |
| 111 N. Hill Street |
| Los Angeles, CA 90012-3117 |

| PLAINTIFF/PETITIONER: LETICIA SANCHEZ, an individual | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: CBRE, et al. | 21STCV06520 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>None |
|---|---|

# BY FAX

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.
2. I served copies of:

Complaint, Civil Case Cover Sheet, Civil Case Cover Sheet Addendum and Statement of Location, Summons on Complaint, First Amended General Order, Voluntary Efficient Litigation Stipulations, Alternative Dispute Resolution (ADR) Information Package, Notice of Case Assignment-Unlimited Civil Case

3. a. Party served:  CBRE, INC., a Delaware corporation

   b. Person Served: CT Corp - Jessie Gastelum - Person Authorized to Accept Service of Process

4. Address where the party was served:  818 West Seventh Street, Suite 930
   Los Angeles, CA 90017
5. I served the party
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on (date): 02/19/2021          (2) at  (time): 12:55PM
6. The "Notice to the Person Served" (on the summons) was completed as follows:

   d. on behalf of:

   CBRE, INC., a Delaware corporation
   under: CCP 416.10 (corporation)
7. **Person who served papers**
   a. Name:        Mario Lopez
   b. Address:    One Legal - P-000618-Sonoma
                  1400 North McDowell Blvd, Ste 300
                  Petaluma, CA 94954

   c. Telephone number: 415-491-0606
   d. The fee for service was: $ 32.00
   e I am:
        (3)  registered California process server.
             (i)  Employee or independent contractor.
             (ii)  Registration No.:
             (iii)  County:

8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Date: 02/19/2021

Mario Lopez
(NAME OF PERSON WHO SERVED PAPERS)                                          (SIGNATURE)

| Form Adopted for Mandatory Use<br>Judicial Council of California POS-010<br>[Rev. Jan 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br>OL# 15894666 |
|---|---|---|

EXHIBIT "E"

# EXHIBIT "E"

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>02/18/2021<br><br>Sherri R. Carter, Executive Officer / Clerk of Court<br><br>By: _____ M. Barel _____ Deputy |
| NOTICE OF CASE ASSIGNMENT<br><br>UNLIMITED CIVIL CASE | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>21STCV06520 |

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Robert S. Draper | 78 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

Sherri R. Carter, Executive Officer / Clerk of Court

on 02/19/2021
   (Date)

By M. Barel _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

EXHIBIT "F"

# EXHIBIT "F"

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

MAY 03 2019

Sherri R. Carter, Executive Officer/Clerk

By _____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE LOS ANGELES SUPERIOR COURT )    FIRST AMENDED GENERAL ORDER
— MANDATORY ELECTRONIC FILING )
FOR CIVIL )
)
)
)
_____ )

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) **DEFINITIONS**

   a) **"Bookmark"**  A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

   b) **"Efiling Portal"**  The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

   c) **"Electronic Envelope"**  A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

   d) **"Electronic Filing"**  Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

2019-GEN-014-00

e) **"Electronic Filing Service Provider"**   An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**   For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**   An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**   A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

2019-GEN-014-00

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) **EXEMPT LITIGANTS**

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) **EXEMPT FILINGS**

a) The following documents shall not be filed electronically:

    i) Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

    ii) Bonds/Undertaking documents;

    iii) Trial and Evidentiary Hearing Exhibits

    iv) Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

    v) Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

2019-GEN-014-00

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

a) Electronic documents must be electronically filed in PDF, text searchable format when technologically feasible without impairment of the document's image.

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

    i) Depositions;

    ii) Declarations;

    iii) Exhibits (including exhibits to declarations);

    iv) Transcripts (including excerpts within transcripts);

    v) Points and Authorities;

    vi) Citations; and

    vii) Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

Each document acompanying a single pleading must be electronically filed as a separate digital PDF document.

g) Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

4

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

2019-GEN-014-00

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted. (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of: (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day <u>before</u> the ex parte hearing.

2019-GEN-014-00

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing. A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) **PRINTED COURTESY COPIES**

   a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled. If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

   b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

     i) Any printed document required pursuant to a Standing or General Order;

     ii) Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

     iii) Pleadings and motions that include points and authorities;

     iv) Demurrers;

     v) Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

     vi) Motions for Summary Judgment/Adjudication; and

     vii) Motions to Compel Further Discovery.

   c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents. Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) **WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS**

   a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver. (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

   b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

2019-GEN-014-00

11) SIGNATURES ON ELECTRONIC FILING

    For purposes of this General Order, all electronic filings must be in compliance with California Rules of Court, rule 2.257. This General Order applies to documents filed within the Civil Division of the Los Angeles County Superior Court.

    This First Amended General Order supersedes any previous order related to electronic filing, and is effective immediately, and is to remain in effect until otherwise ordered by the Civil Supervising Judge and/or Presiding Judge.

DATED:  May 3, 2019



KEVIN C. BRAZILE
Presiding Judge

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

**LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: | FAX NO. (Optional): | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

The parties agree that:

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i.   File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii.  Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i.   Also be filed on the approved form (copy attached);

      ii.  Include a brief summary of why the requested relief should be denied;

LACIV 036 (new)
LASC Approved 04/11          **STIPULATION – DISCOVERY RESOLUTION**
For Optional Use                                                                      Page 1 of 3

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

    iii.    Be filed within two (2) court days of receipt of the Request; and

    iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

_____ &gt; _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR PLAINTIFF)

Date: _____

_____ &gt; _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR DEFENDANT)

Date: _____

_____ &gt; _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR DEFENDANT)

Date: _____

_____ &gt; _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR DEFENDANT)

Date: _____

_____ &gt; _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR _____ )

Date: _____

_____ &gt; _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR _____ )

Date: _____

_____ &gt; _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR _____ )

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:        FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

The parties agree that:

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

    a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

    b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

    c. Exchange of names and contact information of witnesses;

    d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

    e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

    f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

    g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.   Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.   Whether the case is suitable for the Expedited Jury Trial procedures (see information at www.lacourt.org under "Civil" and then under "General Information").

2.   The time for a defending party to respond to a complaint or cross-complaint will be extended
to _____ for the complaint, and _____ for the cross-
        (INSERT DATE)                                    (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at www.lacourt.org under "Civil", click on "General Information", then click on "Voluntary Efficient Litigation Stipulations".

3.   The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.   References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          ➤ _____
        (TYPE OR PRINT NAME)                                    (ATTORNEY FOR PLAINTIFF)
Date:

_____          ➤ _____
        (TYPE OR PRINT NAME)                                    (ATTORNEY FOR DEFENDANT)
Date:

_____          ➤ _____
        (TYPE OR PRINT NAME)                                    (ATTORNEY FOR DEFENDANT)
Date:

_____          ➤ _____
        (TYPE OR PRINT NAME)                                    (ATTORNEY FOR DEFENDANT)
Date:

_____          ➤ _____
        (TYPE OR PRINT NAME)                                    (ATTORNEY FOR _____)
Date:

_____          ➤ _____
        (TYPE OR PRINT NAME)                                    (ATTORNEY FOR _____)
Date:

_____          ➤ _____
        (TYPE OR PRINT NAME)                                    (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:   FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER |
|---|---|

1. This document relates to:

    ☐ Request for Informal Discovery Conference
    ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request)

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request)

4. For a Request for Informal Discovery Conference, **briefly** describe the nature of the discovery dispute, **including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, **briefly** describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

The parties agree that:

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE | CASE NUMBER |
|---|---|
|  |  |

**The following parties stipulate:**

Date:

_____          ≻ _____
(TYPE OR PRINT NAME)                                          (ATTORNEY FOR PLAINTIFF)

Date:

_____          ≻ _____
(TYPE OR PRINT NAME)                                          (ATTORNEY FOR DEFENDANT)

Date:

_____          ≻ _____
(TYPE OR PRINT NAME)                                          (ATTORNEY FOR DEFENDANT)

Date:

_____          ≻ _____
(TYPE OR PRINT NAME)                                          (ATTORNEY FOR DEFENDANT)

Date:

_____          ≻ _____
(TYPE OR PRINT NAME)                                          (ATTORNEY FOR _____)

Date:

_____          ≻ _____
(TYPE OR PRINT NAME)                                          (ATTORNEY FOR _____)

Date:

_____          ≻ _____
(TYPE OR PRINT NAME)                                          (ATTORNEY FOR _____)

**THE COURT SO ORDERS.**

Date: _____          _____
                                                                       JUDICIAL OFFICER



# Superior Court of California, County of Los Angeles

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

## What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

## Advantages of ADR
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control (with the parties):** Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

## Disadvantages of ADR
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR and litigation and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

## Main Types of ADR:

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

**How to arrange mediation in Los Angeles County**

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

**The Civil Mediation Vendor Resource List**
If all parties agree to mediation, they may contact these organizations to request a Resource List Mediation for mediation at reduced cost or no cost (for selected cases).

ADR Services, Inc. Case Manager patricia@adrservices.com (310) 201-0010 (Ext. 261)
JAMS, Inc. Senior Case Manager mbinder@jamsadr.com (310) 309-6204
Mediation Center of Los Angeles (MCLA) Program Manager info@mediationLA.org (833) 476-9145
○ Only MCLA provides mediation in person, by phone and by videoconference.

These organizations cannot accept every case and they may decline cases at their discretion.
Visit www.lacourt.org/ADR.Res.List for important information and FAQs before contacting them.
NOTE: This program does not accept family law, probate, or small claims cases.

b. Los Angeles County Dispute Resolution Programs
https://wdacs.lacounty.gov/programs/drp/
○ Small claims, unlawful detainers (evictions) and, at the Spring Street Courthouse, limited civil.
○ Free "day of trial" mediations at the courthouse. No appointment needed.
○ Free or low cost mediations before the day of trial.
○ For free or low cost Online Dispute Resolution (ODR) by phone or computer before the
day of trial visit
http://www.lacourt.org/division/smallclaims/pdf/OnlineDisputeResolutionFlyer
EngSpan.pdf

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/CI0047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/CI0109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

LASC CIV 271 Rev. 01/20
For Mandatory Use

EXHIBIT "G"

# EXHIBIT "G"

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

03/11/2021

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____S. Hahn_____ Deputy

COURTHOUSE ADDRESS:
Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF:
Leticia Sanchez

DEFENDANT:
CBRE, INC., a Delaware corporation

## NOTICE OF CASE MANAGEMENT CONFERENCE

CASE NUMBER:
21STCV06520

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| Date: 06/21/2021 | Time: 8:30 AM | Dept.: 78 |
|---|---|---|

NOTICE TO DEFENDANT:   THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT  FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC, Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: ___03/11/2021_____

_____
Robert S. Draper / Judge
Judicial Officer

---

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in __Los Angeles_____, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Jared Beilke
5855 Topanga Canyon Blvd., Ste. 300
Woodland Hills, CA 91367

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: ___03/11/2021_____

By _____S. Hahn_____
Deputy Clerk

LACIV 132 (Rev. 07/13)
LASC Approved 10-03
For Optional Use

# NOTICE OF
# CASE MANAGEMENT CONFERENCE

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter V@^^

EXHIBIT "H"

# EXHIBIT "H"

1   THERESA A. KADING (SBN 211469)
    Email: tkading@kadingbriggs.com
2   KYMBERLEIGH DAMRON-HSIAO (SBN 240508)
    Email: kdh@kadingbriggs.com
3   SARAH R. MOHAMMADI (SBN 295318)
    Email: smohammadi@kadingbriggs.com
4   KADING BRIGGS LLP
    100 Spectrum Center Drive, Suite 800
5   Irvine, California 92618
    Telephone: (949) 450-8040
6   Facsimile: (949) 450-8033

7   Attorneys for Defendant
    CBRE, INC.
8

9

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                        COUNTY OF LOS ANGELES

12

13

| | |
|---|---|
| 14   LETICIA SANCHEZ, an individual, | Case No. 21STCV06520 |
| 15                   Plaintiff, | Assigned for all purposes to Hon. Robert Draper, Dep't 78 |
| 16          vs. | |
| 17   CBRE, INC., a Delaware corporation, and, DOES 1 through 50, inclusive, | **CBRE, INC.'S NOTICE TO ADVERSE PARTY OF REMOVAL OF THE CIVIL ACTION TO THE UNITED STATES DISTRICT COURT UNDER 28 U.S.C.A. SECTIONS 1331 (FEDERAL QUESTION), 1332 AND 1441 (DIVERSITY)** |
| 18 | |
| 19                   Defendants. | |

20

21

22

23

24

25

26

27

28

488224

1  TO PLAINTIFF LETICIA SANCHEZ AND HER ATTORNEYS OF RECORD:

2

3  PLEASE TAKE NOTICE THAT a Notice of Removal of this action was filed in

4  the United States District Court for the Central District of California on March 18, 2021.

5  A copy of said Notice of Removal and supporting exhibits are attached to this Notice and

6  are served and filed herewith.

7

8

9  DATED: March 18, 2021        KADING BRIGGS LLP

10                              THERESA A. KADING
                                KYMBERLEIGH DAMRON-HSAIO
11                              SARAH R. MOHAMMADI

12

13

14                              By: _____

15                                        SARAH R. MOHAMMADI

16                              Attorneys for Defendant
                                CBRE, INC.
17

18

19

20

21

22

23

24

25

26

27

28

488224

EXHIBIT "I

# EXHIBIT "I"

1   THERESA A. KADING (SBN 211469)
    Email: tkading@kadingbriggs.com
2   KYMBERLEIGH DAMRON-HSIAO (SBN 240508)
    Email:  kdh@kadingbriggs.com
3   SARAH R. MOHAMMADI (SBN 295318)
    Email: smohammadi@kadingbriggs.com
4   KADING BRIGGS LLP
    100 Spectrum Center Drive, Suite 800
5   Irvine, California 92618
    Telephone: (949) 450-8040
6   Facsimile: (949) 450-8033

7   Attorneys for Defendant
    CBRE, INC.
8

9

10                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                          COUNTY OF LOS ANGELES

12

13

14   LETICIA SANCHEZ, an individual,        Case No. 21STCV06520

15                  Plaintiff,              Assigned for all purposes to Hon. Robert
                                            Draper, Dep't 78
16          vs.
                                            **CBRE, INC.'S NOTICE TO STATE**
17   CBRE, INC., a Delaware corporation,    **COURT OF REMOVAL OF THE CIVIL**
     and, DOES 1 through 50, inclusive,     **ACTION TO THE UNITED STATES**
18                                          **DISTRICT COURT UNDER 28 U.S.C.A.**
                                            **SECTIONS 1331 (FEDERAL**
19                  Defendants.             **QUESTION), 1332 AND 1441**
                                            **(DIVERSITY)**
20

21

22

23

24

25

26

27

28

488220
                                        1

1    TO THE CLERK OF THE SUPERIOR COURT FOR THE COUNTY OF LOS

2    ANGELES:

3

4    Attached hereto as Exhibit "1" is a true and correct copy of the Notice to Adverse

5    Party of Removal of this action to the United States District Court for the Central District

6    of California.  The original Notice of Removal of Civil Action to the United States

7    District Court was filed with the United States District Court for the Central District of

8    California with the attached exhibits on March 18, 2021.

9

10   The filing of said Notice of Removal effects the removal of the above-entitled

11   action from this Court.

12

13

14   DATED: March 18, 2021          KADING BRIGGS LLP
                                     THERESA A. KADING
15                                   KYMBERLEIGH DAMRON-HSAIO
                                     SARAH R. MOHAMMADI
16

17

18

19
                                     By: _____
20                                              SARAH R. MOHAMMADI

21                                   Attorneys for Defendant
                                     CBRE, INC.
22

23

24

25

26

27

28